

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 17, 1947

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas          Opinion No. V-377

Re: Collection of delinquent
State and County ad va-
lorem taxes on lands ac-
quired by Water Improve-
ment District under fore-
closure proceedings under
Art. 7752, R.C.S.

Dear Sir:

You have requested the opinion and advice of this Department as to what position the State and county authorities occupy with reference to the collection of delinquent State and county taxes based on the following factual situation:

"The Wichita County Water Improvement District No. 2 makes an annual assessment of $2.00 per acre on all lands covered by the District. Some three years ago the District foreclosed on several hundred acres of land; there being no bidders the District took title to all the land put up for sale. The State and County taxes are paid on this land for all years except 1945 and 1946, these years accruing after title passed to them. The District does not have a redemption period, they take immediate title. We are prohibited by law to implead them, neither can we intervene in their suits. The District is now selling some of the land they foreclosed and have requested us to cancel the State and County taxes for the years 1945, 1946 and 1947."

For the purposes of this opinion it is assumed that the Wichita County Water Improvement District was organized under the provisions of Chapter 2, Title 128, Revised Civil Statutes, 1925, and that the assessments

for non-payment of which the lands in question were sold to the District were made under the provisions of Article 7752, R.C.S. 1925.

In the case of Bexar-Medina-Atascosa Counties Water Improvement District No. 1 v. State, 21 S.W. (2d) 747, (error refused) the Court in passing upon the legal status of the appellant, created as is the Wichita County Water Improvement District under the authority of Article XVI, Section 59 of the Constitution of Texas, held as follows:

"Those provisions of the amendment standing alone would create 'political divisions' of the state and extend to all districts created thereunder, such as appellant, exemption from taxation, under other provisions of the Constitution. It is a 'governmental agency and body politic and corporate,' which is a clear definition of a 'political division' of the state, clothed with governmental powers and functions and exempt from taxation. * * *"

The Supreme Court of Texas in Lower Colorado River Authority v. Chemical Bank and Trust Co., 190 S.W. (2d) 48, has announced the rule as follows:

"The vital public purpose served by districts organized under Art XVI, Sec. 59, supra, is admirably stated in Bexar-Medina-Atascosa Counties Water Improvement Dist. v. State Tex. Civ. App., 21 S.W. 2d 747, error refused, and Brazos River Conservation and Reclamation Dist. v. McCraw, 126 Tex. 506, 91 S. W. 2d 665. In the former case it is said that any doubt as to the taxability of their properties, should be resolved in favor of reclamation and preservation of the state's waters rather than taxation."

In the case of City of Austin v. Sheppard,Tex. Sup.) 190 S.W.(2d)487, the Supreme Court held as follows:

"That the property involved here is public property, is held for public purposes, and is exempt from taxation by virtue of the provision of the Constitution, is amply supported by the decisions of this State." (Citing cases)

It is here immaterial that the Water Improvement District acquired the lands in question for the non-payment of "assessments" instead of "taxes" (see 44 Tex. Jur. par. 194, p. 295) since the title to such lands after the foreclosure of the assessment lien, vested in the Water Improvement District as a "political division" of the State. It will be noted that at the time the Water Improvement District acquired the title, all State and county taxes on the lands were fully paid.

It is the opinion of this Department that the lands acquired by Wichita County Water Improvement District are not subject to State and County taxes for the years 1945, 1946 and 1947, and that as long as the title thereto is held by the District for public purposes, the lands are not subject to the payment of State and County taxes.

## SUMMARY

Lands acquired by Water Improvement District through foreclosure for non-payment of assessments made under the provisions of Art. 7752, R.C.S. and held for public purposes are not subject to the payment of State and County taxes. Bexar-Medina-Atascosa Counties Water Improvement District No. 1 v. State, 21 S.W. (2d) 747, (error refused); Lower Colorado River Authority v. Chemical B. & T. Co., 190 S.W. (2d) 48; City of Austin v. Sheppard, 190 S.W. (2d) 487.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR/lh

APPROVED:

ATTORNEY GENERAL